

# In the Court of Criminal Appeals of Texas

No. PD-0711-22

JAMIN KIDRON STOCKER, *Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Harris County

YEARY, J., delivered the opinion of the Court in which KELLER, P.J., and KEEL, WALKER, AND MCCLURE, JJ., joined. HERVEY, RICHARDSON, NEWELL, and SLAUGHTER, JJ., concurred in the result.

The court of appeals in this case held that the trial court should have granted Appellant's motion to suppress evidence obtained pursuant to an evidentiary warrant authorizing a search of his cell phone. *Stocker v. State*, 656 S.W.3d 887, 902 (Tex. App.—Houston [14th

Dist.] 2022). Relying upon this Court's recent opinion in *State v. Baldwin*, 664 S.W.3d 122 (Tex. Crim. App. 2022), the court of appeals concluded that the search warrant affidavit was deficient. *Stocker*, 656 S.W.3d at 902. We granted the State's petition for discretionary review to examine its contention that the court of appeals construed this Court's opinion in *Baldwin* too expansively.[1] We will reverse the judgment of the court of appeals and remand the cause for further consideration not inconsistent with this opinion.

## I. BACKGROUND

Appellant filed a motion to suppress evidence taken during a search of his cell phone. The trial court denied his motion, and Appellant was convicted of capital murder. On direct appeal, Appellant argued, among other things, that the warrant affidavit failed to provide probable cause to support the search of the contents of his cell phone. The court of appeals sustained this point of error, reversed the trial court's judgment, and remanded for a new trial. *Id.* at 902, 914.

## II. ANALYSIS

In addressing Appellant's complaint relating to the sufficiency of the affidavit supporting the warrant to justify the search of his cell

---

[1] The State's first ground for review asked whether "[t]he court of appeals employed a heightened standard for probable cause, departing from the flexible standard required by law." The State's second ground for review asked whether "[t]he court of appeals applied inconsistent standards for probable cause in its analysis of the warrant affidavits for the searches of the appellant's cell phone data and the location information associated with the appellant's cell phone number." Because after addressing the State's first ground for review we remand for further consideration not inconsistent with this opinion, we do not write separately to analyze the State's second ground for review.

phone, the court of appeals observed that the affidavit contained "nothing about a cell phone being used before, during, or after the *charged offense.*" *Id.* at 902 (emphasis added). It explained that "[t]he offenses described in the affidavit are those for which [A]ppellant was not tried and convicted here." *Id.* It continued:

> Considering the four corners of the [affidavit], we conclude that [it] contains insufficient particularized facts to have allowed the magistrate to determine probable cause for a warrant to search [A]ppellant's Samsung phone for two reasons: (1) the affidavit does not describe *the murder*, and (2) it presents no factual nexus between the phone and *the murder. See* [*Baldwin*, 664 S.W.3d at 135]. It is difficult to see how the affidavit could sufficiently articulate a factual nexus between the Samsung phone and the criminal activity described in the affidavit when the affidavit does not describe the criminal activity at issue—*the November capital murder*. Moreover, the affidavit does not contain any facts suggesting that appellant used his phone during the crime or shortly before or after.

*Id.* (emphasis added). The court of appeals concluded that the trial court erred by overruling Appellant's motion to suppress the items obtained from the search of his cell phone. And because it was also unable to conclude that this error was harmless under the standard for constitutional errors, the court of appeals reversed Appellant's conviction. *Id.* at 902−05.

In *Baldwin*, this Court decided that mere "boilerplate language" from a police-officer affiant "about cell phone use among criminals" will not, by itself, establish the required probable cause to search a cell phone. 664 S.W.3d at 134. Along the way, the Court also said that a warrant affidavit seeking authorization to search a cell phone must

"establish a nexus between the device and the offense" under investigation. *Id.* at 123. It explained that, within the four corners of the affidavit at issue there, "there [were] simply no facts . . . that tie[d] [Baldwin]'s cell phone to the offense." *Id.* at 134. It also explained that "specific facts connecting" the cell phone to the alleged offense in that case were "required for the magistrate to reasonably determine probable cause." *Id.* Finally, "[c]onsidering the whole of the affidavit," the Court concluded, "there [wa]s no information included that suggest[ed] anything beyond mere speculation that [Baldwin]'s cell phone was used before, during, or after the crime." *Id.* at 135.

Relying upon *Baldwin*, the court of appeals here concluded that the search warrant affidavit was deficient in two ways. *Stocker*, 656 S.W.3d at 902. First, it said the warrant affidavit "d[id] not describe the murder" that Appellant was on trial for committing. Second, it said that the warrant "present[ed] no factual nexus between the [cell] phone and the murder." *Id.*

One way to establish the required "nexus" when it comes to a warrant affidavit to search a cell phone would be through reliable information suggesting that the criminal perpetrator "used" that cell phone "before, during, or after the crime" that is being prosecuted. *Baldwin*, 664 S.W.3d at 135. But in *Baldwin* this Court was presented with different facts than those which occurred here. And the Court did not say there that "use" of a cell phone in aid of the actual perpetration of the crime that is on trial is, necessarily, the *only* "specific fact" that can serve to establish the required "nexus," "connection," or "tie" between a cell phone and an offense under investigation.

To the extent that the court of appeals read our opinion in *Baldwin* necessarily to require, as a prerequisite of probable cause, that an affidavit must establish (1) use of the cell phone either during, or immediately before or after, commission of (2) the specific offense on trial, it was misguided. Such a showing is not always required before a magistrate may find that a search warrant affidavit "state[s] facts and circumstances that provide . . . probable cause to believe that . . . searching the telephone . . . is likely to produce evidence in the investigation of" certain criminal activity. TEX. CODE CRIM. PROC. art. 18.0215(c)(5)(B). The court of appeals should reexamine its decision.

### III. CONCLUSION

We reverse the judgment of the court of appeals and remand the case for further consideration not inconsistent with this opinion.

**DELIVERED:** July 31, 2024
**PUBLISH**